UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT GRAHAM**  **LA. DOC #99451** **VS.** | **CIVIL ACTION NO. 3:12-cv-2030** **SECTION P** **JUDGE JAMES T. TRIMBLE** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Robert Graham, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 27, 2012. Petitioner attacks his 1981 second degree murder conviction and the mandatory life sentence imposed by the Sixth Judicial District Court, East Carroll Parish under that court's docket number 22984. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b).

*Background*

Petitioner was convicted of second degree murder and sentenced to serve life without benefit of parole by the Sixth Judicial District Court, East Carroll Parish. His conviction was affirmed on appeal to the Louisiana Supreme Court on October 18, 1982. *State of Louisiana v. Robert Graham*, 420 So.2d 1126 (La. 1982).

He filed his first collateral attack of that conviction in this Court on July 24, 1989, and it

was dismissed on the merits by United States District Judge Donald E. Walter in August 1990. *Robert Graham v. Warden*, No. 3:89-cv-1660.

On June 12, 2000, he filed a second *habeas* petition attacking the same 1981 murder conviction. That petition was deemed successive and transferred to the Fifth Circuit Court of Appeals. The Fifth Circuit denied authorization to file a successive *habeas* petition based on petitioner's failure to comply with an order dated August 18, 2000. *Robert Graham v. Warden*, No. 3:00-cv-1407; see also *In re: Robert Graham*, No. 00-30975 (5th Circuit).

On December 18, 2003, he filed yet another *habeas* petition attacking his 1981 conviction and on May 18, 2004, his petition was again transferred to the Fifth Circuit Court of Appeals in order that petitioner might obtain permission to file a second or successive petition. *Robert Graham v. Warden*, No. 3:03-cv-2314. On July 7, 2004, authorization was again denied. *In re: Robert Graham*, No. 04-30491.

Petitioner filed the instant petition, his fourth in this court, on July 27, 2012. Once again, he attacks the East Carroll murder conviction claiming (1) the State's use of racially discriminatory peremptory challenges with regard to jury selection; (2) insufficiency of the evidence; (3) the trial court failed to ascertain petitioner's mental capacity to proceed to trial; (4) ineffective assistance of appellate counsel; and, (5) ineffective assistance of trial counsel.

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235

(5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Furthermore, the Fifth Circuit has determined that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. Petitioner's first petition for *habeas corpus* was adjudicated on the merits and dismissed with prejudice. Thereafter, he has unsuccessfully sought to file successive petitions in this Court and in the Court of Appeals. The claims raised in the instant petition could have been raised in his earlier petitions. In other words, this petition is clearly successive.

As petitioner must by now be aware, before a *habeas* petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the

Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's second and successive *habeas* petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed

legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

      In Chambers, Monroe , Louisiana, September 11, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE